UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DUNN,<br>    Plaintiff,<br>  v.<br>JEFFREY BORNSTEIN,<br>    Defendant. | Case No. 17-cv-06743-PJH<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a former federal prisoner, has filed a pro se petition for a writ of mandamus. The original petition was dismissed with leave to amend and plaintiff has filed an amended petition.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

1 recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**LEGAL CLAIMS**

Plaintiff seeks a writ of mandamus, though the exact nature of his filing is difficult to discern.  The original filing was dismissed with leave to amend to provide more information, but plaintiff's amended filing is still difficult to understand.  Plaintiff had a prior federal criminal case, *USA v. Dunn*, Case No. 93-cr-0270 PJH, from more than 20 years ago.  Plaintiff states that the prosecutor in that case used evidence that was illegally seized and should have been suppressed.  Plaintiff seeks this court to compel the state court to take some type of action and to order the prosecutor in the 20 year-old case to explain certain tactical decisions.

Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing in forma pauperis order); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement).  A federal district court also lacks authority to issue a writ of mandamus to another district court. *See Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1393 (9th Cir. 1987) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

2

This court cannot issue a writ of mandamus to the state court nor has plaintiff demonstrated that any other action should be taken. To the extent that he seeks the former prosecutor to explain his tactical decisions, that request is meritless. Because no amount of further amendment would cure the deficiencies described above, this action is dismissed without leave to amend.

## CONCLUSION

1. This action is **DISMISSED** with prejudice.
2. The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: April 3, 2018

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DUNN,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY BORNSTEIN,<br><br>    Defendant. | Case No. 17-cv-06743-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 3, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Dunn
P.O. Box 1468
Laytonville, CA 95454

Dated: April 3, 2018

                                        Susan Y. Soong
                                        Clerk, United States District Court

                                        By:_____
                                        Kelly Collins, Deputy Clerk to the
                                        Honorable PHYLLIS J. HAMILTON